**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA – TAMPA DIVISION**

**CASE NO. _____**

GOLDEN KRUST FRANCHISING, INC.,
a New York corporation,

       Petitioner,

vs.

KEITH CLAYBORNE, BERNADETTE
CLAYBORNE, 7 "K" CORP., GOLDEN KRUST
#6, LLC, and GOLDEN KRUST #7, LLC,

       Respondents.

_____/

**PETITIONER GOLDEN KRUST FRANCHISING, INC.'S MOTION TO COMPEL
SUBPOENA COMPLIANCE AND FOR CONTEMPT AND SANCTIONS AGAINST
DONNETTA HEREDIA AND INCORPORATED MEMORANDUM OF LAW**

Petitioner Golden Krust Franchising, Inc. ("Golden Krust"), by and through its undersigned

counsel and pursuant to Fed. R. Civ. P. 45(d)(2)(B)(i) and 45(g), hereby files this Motion to

Compel Subpoena Compliance and for Contempt and Sanctions due to Donnetta Heredia's ("Ms.

Heredia") failure to comply with the subpoena served to Ms. Heredia on September 9, 2020. In

support of its motion, Golden Krust states as follows:

1.      On March 18, 2020, Golden Krust obtained an Award before the American

Arbitration Association against Judgment Debtors Keith Clayborne, Bernadette Clayborne, 7 "K"

Corp., Golden Krust #6, LLC, and Golden Krust #7, LLC (collectively, "Judgment Debtors")

totaling $758,633.89 (the "Award"). On July 8, 2020, the United States District Court for the

Southern District of Florida confirmed the Award and entered a Final Default Judgment in favor

of Golden Krust and against Judgment Debtors (the "Judgment"). (*See Golden Krust Franchising,*

*Inc. v. Keith Clayborne, Bernadette Clayborne, 7 "K" Corp., Golden Krust #6, LLC, and Golden*

*Krust #7, LLC*, Case No. 1:20-cv-21353-JEM, ECF No. 20). Despite the entry of this valid, enforceable, and confirmed judgment, Judgment Debtors have not paid any amount toward the outstanding Judgment.

2.      In light of the Judgment Debtors' failure to pay on the Judgment amount owed to Golden Krust, Golden Krust has begun conducting discovery in aid of execution as provided by Federal Rule of Civil Procedure 69, including serving subpoenas on certain parties who are believed to have information relevant to Golden Krust's efforts to collect upon the Judgment, including Ms. Heredia.

3.      Instead of properly complying with her obligations, however, Ms. Heredia ignored Golden Krust and rejected Golden Krust's attempt to confer with them. It is on this basis that Golden Krust seeks an order from this Court compelling Donnetta Heredia's compliance with her obligations under Federal Rule of Civil Procedure 45.

4.      On September 8, 2020, Golden Krust issued a non-party Subpoena to Produce Documents, Information, or Objects requiring Ms. Heredia to produce documents relating to its business transactions and financial involvement with the Judgment Debtors by September 22, 2020 (the "Subpoena"). A copy of the Subpoena is attached hereto as Exhibit 1.

5.      On September 9, 2020, Ms. Heredia was served with the Subpoena. A copy of the Affidavit of Service is attached hereto as Exhibit 2.

6.      Ms. Heredia failed to: (1) produce any documents to Golden Krust; (2) file a motion to quash or modify the Subpoena as permitted by Fed. R. Civ. P. 45(d)(3); or (3) request an enlargement of time from Golden Krust to respond by the deadline required in the Subpoena. Instead, Ms. Heredia simply ignored the Subpoena.

7.      Prior to filing this Motion, counsel for Golden Krust attempted to confer with Ms. Heredia regarding her failure to comply with the Subpoena. Specifically, on October 16, 2020, counsel for Golden Krust sent a letter to Ms. Heredia via UPS Overnight Delivery.  A copy of the letter (and proof of delivery) sent to Ms. Heredia is attached hereto as Exhibit 3.

8.      Golden Krust's Subpoena to Ms. Heredia is valid and enforceable and seeks discoverable information.  Among other things, it seeks documents and information related to the Judgment Debtors' assets and property, finances, and disposition of funds that could be used to satisfy Golden Krust's Judgment against the Judgment Debtors. All of Golden Krust's requests are proper under the Federal Rules of Civil Procedure.

9.      Moreover, because Ms. Heredia resides in Pinellas County, Florida, Golden Krust can properly seek an order from this Court compelling production. *See* Fed. R. Civ. P. 45(d)(2)(B)(i).

10.      Under Federal Rule of Civil Procedure 45(g), a non-party's failure to comply with a subpoena exposes that non-party to possible contempt. *See* Fed. R. Civ. P. 45(g) (stating that a court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991) (noting that the power to punish for contempt is inherent in all courts); *Shillitani v. United States*, 384 U.S. 364, 370, 86 S. Ct. 1531, 16 L. Ed. 2d 622 (1966) ("There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt"); *Matter of Certain Complaints Under Investigation by an Investigating Committee of Judicial Council of the Eleventh Circuit*, 783 F.2d 1488, 1495 (11th Cir. 1986) ("If a witness disregards the subpoena and fails to comply without filing a timely motion to quash, the witness may be found in contempt of court, with no need for any further court order")

11.     Here, Ms. Heredia has not provided any excuse, much less an adequate one, for her failure to comply with the Subpoena. He has ignored Golden Krust's attempt to confer and refused to produce the requested documents and information as required by law. Moreover, Ms. Heredia has waived any objections to the Subpoenas. *Xfinity Mobile v. As Trading Corp.*, 2020 U.S. Dist. LEXIS 126933, at *6 (S.D. Fla. July 20, 2020) (citing *Sakhil Ctr. at Doral Condo. Ass'n, Inc. v. Hanver Ins. Co.*, 2019 U.S. Dist. LEXIS 227022, 2019 WL 7881626, at *1 (S.D. Fla. Mar. 21, 2019)) ("A non-party waives any objections if she does not timely object to the subpoena.") Consequently, Golden Krust seeks and is entitled to appropriate relief under law.

WHEREFORE, Petitioner Golden Krust Franchising, Inc. respectfully requests this Court enter an Order granting Golden Krust the following relief:

A.     Granting Petitioner's Motion to Compel;

B.     ordering Donnetta Heredia to produce documents responsive to Golden Krust's Subpoena to Produce Documents, Information, or Objects;

C.     ordering that Donnetta Heredia has waived all objections to the Subpoena to Produce Documents, Information, or Objects issued to him;

D.     ordering Donnetta Heredia to pay Golden Krust's reasonable expenses incurred in making this Motion to Compel, including attorneys' fees, pursuant to Fed R. Civ. P. 37(a)(5)(A);

E.     issuing sanctions against Donnetta Heredia in an amount to be determined by the Court for Donnetta Heredia's failure to respond to Golden Krust's Subpoena to Produce Documents, Information, or Objects; and

F.     granting Golden Krust such further and additional relief this Court deems just and proper.

Dated:  November 16, 2020          Respectfully submitted,

GREENBERG TRAURIG, P.A.
*Counsel for Petitioner*
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone:  (305) 579-0500
Facsimile:   (305) 579-0717


*/s/ Eva M. Spahn*
EVA M. SPAHN
Florida Bar No.  0092063
spahne@gtlaw.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 16th day of November, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF and caused the foregoing document to be served on the following via U.S. Mail and electronic mail at the address below:

Donnetta Stafford Heredia
930 Central Ave, Unit 401
St. Petersburg, Florida 33705

Keith Clayborne
Bernadette Clayborne
3301 N.E. 1st Avenue
PH 6
Miami, FL 33137
kclayborne@me.com
bpclayborne@hotmail.com

*/s/ Eva M. Spahn*
EVA M. SPAHN