UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GOLDEN KRUST FRANCHISING, INC.,
a New York corporation,

        Petitioner,

v.                                                          Case No. 8:20-mc-104-T-33SPF

KEITH CLAYBORNE, et al.,

        Respondents.
_____/

### ORDER

This cause comes before the Court upon Petitioner's Motion to Compel Subpoena Compliance and for Contempt and Sanctions Against Donnetta Heredia ("Motion to Compel" or "Motion") (Doc. 1). In its Motion to Compel, Petitioner asks the Court to compel a non-party, Ms. Heredia, to produce certain documents requested in a Subpoena to Produce Documents, Information, or Objects (the "Subpoena") (Doc. 1-1). As indicated in the Motion's Certificate of Service, notice of the Motion was served to Ms. Heredia via mail (*see* Doc. 1 at 6). Ms. Heredia, however, has failed to respond to the Motion to Compel, and the time for doing so has elapsed. *See* Local Rule 3.01(b), M.D. Fla. (party opposing motion must file response in opposition within 14 days after service). Therefore, the Motion to Compel is deemed unopposed. *See Legends Collision Ctr., LLC v. State Farm Mut. Auto. Ins. Co.*, No. 6:14-cv-6006-ORL-31TBS, 2016 WL 3406409, at *1 (M.D. Fla. June 21, 2016) (stating that a party's failure to respond to a motion indicates the motion is unopposed). For this reason and the reasons that follow, the Motion to Compel is granted in part and denied in part.

The Subpoena was issued in connection with discovery in aid of execution being conducted by Petitioner in an effort to collect upon a judgment entered in *Golden Krust Franchising, Inc. v. Clayborne*, *et al.*, No. 1:20-cv-21353-JEM (S.D. Fla.) (confirming an arbitration award and entering a final default judgment in favor of Petitioner and against judgment debtors). Petitioner properly filed the instant Motion to Compel in this Court, which is the court for the district where compliance is required by the underlying Subpoena as Ms. Heredia resides in Pinellas County, Florida. Petitioner contends that despite the Subpoena being properly issued and served on Ms. Heredia on September 9, 2020 (Doc. 1 at ¶ 5, Doc. 1-1 at 12), Ms. Heredia failed to produce any responsive documents, provide a written response or objections, file a motion to quash or modify the Subpoena pursuant to Fed. R. Civ. P. 45(d)(3), or request an enlargement of time to respond prior to the September 22, 2020 deadline required in the Subpoena. Finally, prior to filing the Motion, Petitioner attempted to confer with Ms. Heredia regarding her failure to comply with the Subpoena (Doc. 1-1 at 14). The Motion to Compel requests that this Court: (1) order Ms. Heredia to produce documents responsive to Petitioner's Subpoena; (2) order that Ms. Heredia has waived all objections to the Subpoena; (3) order Ms. Heredia to pay Petitioner's reasonable expenses incurred in making the Motion to Compel, including attorney's fees, pursuant to Federal Rule of Civil Procedure 37(a)(5)(A); and (4) issue sanctions against Ms. Heredia for failure to respond to the Subpoena.

Federal Rule of Civil Procedure 45 sets forth the process for a party to obtain certain information from non-parties via subpoenas. Objections to a subpoena must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. Fed. R. Civ. P. 45(d)(2)(B). Rule 45 also sets forth the authority for a party, such as Petitioner, to

seek an order of compliance from a non-party. Rule 45(d)(2)(B)(i) states: "At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i). Here, it appears that the Subpoena was properly issued and served on Ms. Heredia. Ms. Heredia, however, did not serve any objections thereto. "[A]s a general rule, when a party fails to timely object to interrogatories, production requests, or other discovery efforts, the objections are deemed waived." *Bailey Indus., Inc. v. CLJP, Inc.*, 270 F.R.D. 662, 668 (N.D. Fla. 2010); *see also Gulati v. Ormond Beach Hosp., LLC*, No. 6:18-cv-920-Orl-37TBS, 2018 WL 7372080, at *2 (M.D. Fla. Dec. 17, 2018). As such, Ms. Heredia has waived any objections to the Subpoena. Accordingly, because Ms. Heredia has failed to comply with or object to the valid Subpoena issued by the Southern District of Florida, Petitioner's Motion to Compel is granted to the extent that Ms. Heredia shall produce documents responsive to the Subpoena within 14 days of the date of this Order.

Petitioner also moves, pursuant to Rule 37(a)(5)(A), for an award of reasonable expenses, including attorney's fees, incurred in making this motion (Doc. 1 at 4, ¶ D). However, "[u]nlike Rule 37, Rule 45 contains no express provision for attorneys' fees or sanctions to a party that has prevailed on a motion to compel compliance with a subpoena...." *NLRB v. Midwest Heating & Air Conditioning, Inc.*, 528 F. Supp. 2d 1172, 1181 (D. Kan. 2007); *see also U.S. for the Use & Benefit of Am. Builders & Contractors Supply Co., Inc. v. Great Am. Ins. Co.*, No. 3:12-mc-36-J-34TEM, 2012 WL 12910657, at *1 (M.D. Fla. June 26, 2012) ("Because the instant [Rule 45] motion involves a non-party, Rule 37 (which applies only to parties) is not applicable."); *Kona Spring Water Distributing, Ltd. v. World Triathlon Corp.*, No. 8:05-cv-119-T-23TBM, 2006 WL 905517, at *2 (M.D. Fla. Apr. 7, 2006) (granting in part

Rule 45 motion to compel compliance with subpoena and denying motion for sanctions sought pursuant to Rule 37, finding Rule 37 inapposite) (citing *Davis v. Speechworks Int'l, Inc.*, No. 03-cv-533S(F), 2005 WL 1206894, at *5 (W.D.N.Y. May 20, 2005) ("Rule 45 itself contains no express provision for awarding attorneys' fees or sanctions to a party that has prevailed on a motion to compel compliance with a subpoena *duces tecum*, nor does Rule 45 allow the court to turn to the terms of Rule 37(a) for such authorization.")); *Peacock v. Merrill*, No. 08-01-B-M2, , at *4 (M.D. La. Mar. 10, 2008) ("Fed. R. Civ. P. 45, dealing with the issuance of and response to subpoenas directed to non-parties, does not provide for court costs and attorney's fees as a sanction against persons who fail to produce the subpoenaed documents."). Petitioner has not directed the Court to any other authority for making such an award of attorneys' fees under Rule 45. As such, Petitioner's request for an award of attorneys' fees and expenses incurred in bringing its Motion is denied.

In addition, Petitioner moves for sanctions against Ms. Heredia for failure to respond to the Subpoena. Rule 45(g) provides that the Court "may hold in contempt a person, who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). However, "it would be rare for a court to use contempt sanctions without first ordering compliance with a subpoena…. Disobedience of such an order may be treated as contempt." Fed. R. Civ. P. 45, Advisory Committee's Notes (2013 Amendment). As such, because the undersigned is ordering Ms. Heredia to comply with the Subpoena, the sanction of contempt should not be imposed pending Ms. Heredia's compliance with the Court's Order and the Subpoena and is denied.

Accordingly, it is hereby **ORDERED**:

(1) Petitioner's Motion to Compel Subpoena Compliance and for Contempt and Sanctions Against Donnetta Heredia (Doc. 1) is **GRANTED IN PART** and **DENIED IN PART**. The motion to compel subpoena compliance is **GRANTED**. Ms. Heredia is hereby **ORDERED** to produce documents responsive to the Subpoena to Petitioner within **fourteen (14) days** of the date of this Order. Petitioner's requests for attorneys' fees and expenses and for sanctions are **DENIED**.

(2) Petitioner shall serve this Order on Ms. Heredia via United States Certified Mail, return receipt requested, on or before December 16, 2020, and file a Certificate of Service once service has been made.

**ORDERED** in Tampa, Florida, December 10, 2020.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE